*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLOYD M. JONES, | : |
| | : Civil Action No. 12-6896 (RBK) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| LAWRENCE ARTIS, et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES:**

**FLOYD M. JONES**, Plaintiff pro se
75819
Burlington County Correctional Facility
P.O. Box 6000
Mt. Holly, N.J. 08060

**KUGLER**, District Judge

Plaintiff Floyd M. Jones ("Plaintiff"), incarcerated at Burlington County Correctional Facility in Mount Holly, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Lawrence Artis, Warden of the Burlington County Correctional Facility and the following members of the Burlington County Board of Chosen Freeholders: Mary Ann O'Brien, Bruce D. Garganio, Leah Arter, Joseph Howarth and Joseph B. Donnelly. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that "on occasions too numerous to mention," Warden Artis told Plaintiff that he would not provide Plaintiff with adequate legal access because he did not have the funding to do so. (Compl. 5.) Defendant Artis also allegedly told Plaintiff that "he had no control over what type of food was served on [his] special diet because the food service was outsourced and beyond his control." (*Id.*) Plaintiff further alleges that Defendant Artis told him that "he could not prevent outsourced medical staff from threatening [his] life by failing to afford [him] proper medical attention for his life-threatening high blood pressure." (*Id.*) Plaintiff also alleges that the outsourced medical service only provides him with access to a nurse practitioner, not a doctor. (*Id.*) In a supplement to his complaint, Plaintiff alleges that he is "currently unable to meaningfully participate in his own defense of the criminal charges pending against him" due to the lack of legal resources available at the facility. (Supp. 1.) He claims that he has suffered "actual injury" in the form of "extensive legal setbacks and denial of access to the courts for the purpose of filing legal documents, drafting letters to the judge and prosecutors, etc." (*Id.* at 1-2.)

Plaintiff seeks declaratory, injunctive and monetary relief.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

**1. Medical Claims**

As a pre-trial detainee at the time of the incidents, Plaintiff retains liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 341 (3d Cir. 2000). Analysis of whether such a detainee or un-sentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *Hubbard*, 399 F.3d at 157–60, 164–67; *Fuentes*, 206 F.3d at 341–42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

4

441 U.S. at 535–39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  With respect to medical care and prison conditions, however, pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners.  *Bell v. Wolfish*, 441 U.S. at 545; *Hubbard*, 399 F.3d at 165–66; *Natale*, 318 F.3d at 581–82; *Kost v. Kozakiewicz*, 1 F.3d 176, 187–88 (3d Cir. 1993).

Here, Plaintiff has failed to allege any facts suggesting intent to punish.  In fact, Plaintiff provides barely any facts regarding his treatment or his ailments.  He only vaguely refers to an issue of high blood pressure and a medical diet, but he provides no details regarding the alleged incidents.  Moreover, Plaintiff appears to allege a medical claim against the named defendants based on their supervisory role, however, supervisors are not liable under § 1983 solely on a theory of respondeat superior.  *See Iqbal*, 556 U.S. at 677; *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690–91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  *Rode v. Dellarciprete*, 845 F.2d

5

1195, 1207 (3d Cir. 1988) (citations omitted).  *See also Christian v. Orr*, 512 F. App'x 242, 245 (3d Cir. 2013); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995).

Based on the foregoing, Plaintiff's medical claim will be dismissed without prejudice against all defendants. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to amend his complaint.

**2. Access to the Courts**

Plaintiff's claims concerning law library access must also be dismissed. The complaint asserts that access to the law library is generally inadequate for pretrial detainees to do legal research, but provides no facts showing that the inadequate access caused actual injury to Plaintiff.

Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that [a lack of access has] inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'-that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). To establish standing, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id*. at 205–206 (quoting *Harbury*, 536 U.S. at 416–17). For example, in *Monroe*, the United States Court of Appeals for the Third Circuit affirmed dismissal of inmates' access to the courts claim for failure to state a claim:

> In this case, the defendants confiscated all of the plaintiffs' ... legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes. In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under *Harbury*. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered actual injury.

*Monroe*, 536 F.3d at 206 (citations and footnote omitted).

Further, courts have dismissed access-to-court challenges by prisoners who are represented by counsel in their criminal proceedings when said prisoners claim a lack of access to the law library with regard to their criminal proceeding. *See Demeter v. Buskirk*, 2003 WL 22416045, at *3 (E.D.Pa. Oct. 20, 2003) (stating: "Even if the right of access to the courts does encompass defending against criminal prosecution, the fact that Plaintiff was represented by, and had access to, legal counsel in connection with his criminal case precludes a finding of actual injury based on Plaintiff's restricted access to the Prison law library") (citing *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (denying access to court claim because inmate was represented by counsel for the entire length of pretrial detention). *See also Cook v. Boyd*, 881 F.Supp. 171, 176 (E.D.Pa. 1995) (stating "[w]here a prisoner is provided an attorney by the state to represent him at a civic hearing, the prisoner's right to access to the courts is vindicated."); *Russell v. Hendrick*, 376 F.Supp. 158 (E.D.Pa. 1974) (stating that "[i]f a prisoner has reasonable access to legal counsel then he has the means to prepare, serve and file whatever documents are necessary;" and holding that "plaintiff, through counsel, had adequate access to the courts and was not in the least damaged by his inability to do his own legal research to supplement that of his attorney").

In this case, Plaintiff notes that he has been unable to write letters to the judge and prosecutors and otherwise "[assist] in the defense of his case." Further, nowhere does Plaintiff allege "actual injury" sufficient to allow his claims to proceed past *sua sponte* screening, that is, that he "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim." *See Monroe*, 536 F.3d at 205. Plaintiff claims that he suffered "actual injury" in the form of "extensive legal setbacks," but such a generalized statement is not sufficient. As such, Plaintiff's claims concerning legal access will be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2] An appropriate order follows.

Dated: July 30, 2013

                                               s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*